UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:  Chapter 13
Patrick M. Faughnan and  Case No. 16-45755
Beth E. Faughnan,  Hon. Mark A. Randon
    Debtors.
_____/

## OPINION AND ORDER GRANTING IN PART ATTORNEY RONALD S. SIEGEL'S FIRST APPLICATION FOR ATTORNEY FEES

**I.    INTRODUCTION**

This matter is before the Court on Attorney Ronald S. Siegel's first application for attorney fees. Attorney Siegel requests a total fee award in the amount of $11,504.60 which includes: (1) compensation for legal services in the amount of $11,315.00; and (2) reimbursement of expenses in the amount of $189.60. Attorney Siegel charges $310.00 per hour and performed 36.5 hours of work. The Trustee objected, arguing, in part, that Attorney Siegel's hourly rate is too high. The Court heard argument on October 5, 2016.

Because the Court finds Attorney Siegel's hourly rate is unreasonable, the application is **GRANTED IN PART**.

**II.    ANALYSIS**

11 U.S.C. § 330(a)(1)(A) allows the Court to award Attorney Siegel "reasonable compensation for actual, necessary services rendered[.]"[1] Section 330(a)(3) instructs the Court on how to determine "reasonable compensation":

> In determining the amount of reasonable compensation to be awarded to a[] . . .

---

[1] 11 U.S.C. § 330(a)(1)(B) allows for the "reimbursement of actual, necessary expenses." It is undisputed that Attorney Siegel is entitled to the $189.60 in expenses he requests.

1

professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–

>   (A)   the time spent on such services;
>
>   (B)   the rates charged for such services;
>
>   (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>   (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
>   (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
>   (F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

"The burden of proof is on the professional requesting compensation for his or her services from the bankruptcy estate." *In re Sharp*, 367 B.R. 582, 585 (Bankr. E.D. Mich. 2007).

The Court uses the "lodestar" amount to determine Attorney Siegel's compensation. Specifically, the Court multiplies Attorney Siegel's *reasonable* hourly rate by the number of hours *reasonably* expended. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334, 337 (6th Cir. 1991). The Court focuses on the second and sixth factors in section 330 and the first prong of the "lodestar" method: whether Attorney Siegel's hourly rate is reasonable.[2]

According to the State Bar of Michigan, in 2013:

---

[2] The Court reviewed Attorney Siegel's fee application and finds that the 36.5 hours he expended is reasonable.

2

1. the upper quartile hourly billing rate for a sole practitioner with an office outside of his home was $250.00;

2. the average hourly billing rate for an attorney with more than 35 years of practice was $285.00; and

3. the upper quartile hourly billing rate for a debtor bankruptcy practitioner was $260.00.[3]

Based on these rates, the Court finds that an hourly rate of $310.00 is unreasonable. Instead, after averaging these rates ($265.00) and factoring in an inflation rate of between 1.0 and 1.5 percent per year, the Court concludes that $275.00 is a reasonable hourly rate.

## III. CONCLUSION

Because the Court finds Attorney Siegel's hourly rate is unreasonable, the application is **GRANTED IN PART**. Multiplying the reasonable hourly rate of $275.00 by the reasonable number of hours expended in this case of 36.5, the Court approves Attorney Siegel's compensation in the amount of $10,037.50 plus expenses in the amount of $189.60 for a total fee award of $10,227.10.

The findings in this Opinion are limited to the facts of this case.

**IT IS ORDERED**.

Signed on October 07, 2016

/s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge

---

[3] State Bar of Michigan's 2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report, *available at* https://www.michbar.org/file/pmrc/articles/0000151.pdf (last visited October 7, 2016)